**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

RACHEL BIJOU,

     Plaintiff,

v.                                 Case No: 5:24-cv-715-JSM-PRL

WILLIAM KIDD and KY TRUCK
LINES, LLC,

     Defendants.

---

## ORDER

**THIS CAUSE** came on for consideration upon the Report and Recommendation submitted by Magistrate Judge Philip R. Lammens (Dkt. 89) and Defendants' Objections to same (Dkt. 90). After careful consideration of the Report and Recommendation of the Magistrate Judge in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Specifically, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's inconsistent deposition testimony and, at times, untruthfulness, are insufficient evidence warranting the extreme remedy of dismissing her Complaint with prejudice. That said, the Court notes that both the Magistrate Judge and Defendants rely on the Florida standard for establishing fraud on the court, which is not the correct standard since this case is pending in federal court. So, the Court discusses the federal standard briefly, which makes

the Court's conclusion adopting the Report and Recommendation an even easier task since the federal standard is more difficult to prove.

Under federal law, "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir. 2006) (quoting *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985)). Such a dismissal is not proper unless "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Id.* (quoting *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1339 (11th Cir. 2005)). "Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." *Id.* (citing *McKelvey v. AT & T Techs., Inc.,* 789 F.2d 1518, 1520 (11th Cir.1986)).

"Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of the jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud upon the court." *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir. 1978). The Eleventh Circuit has "consistently held that a fraud between parties is not fraud on the court." *Patterson v. Lew,* 265 Fed.Appx. 767, 769 (11th Cir. 2008). Even "perjury does not constitute fraud on the court." *Id.* (citing *S.E. C. v. ESM Group, In.,* 835 F.2d 270 (11th Cir. 1988)). Fraud on the court is "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985).

Defendants do not meet the federal fraud on the court standard because the evidence they rely on is tantamount to inconstant statements and behavior that teeters on perjury, which, as the case law reveals, is insufficient.   Their Objections do not point to anything new or material to convince the Court otherwise.   Simply put, while the evidence Defendants rely on in their Motion (which the Magistrate Judge discusses at length in his Report) is indeed fertile ground for Plaintiff's examination at trial—and maybe even fodder for her impeachment—it is not enough to warrant the extreme remedy of a dismissal with prejudice.

Finally, the Court notes that Defendants' Motion should be denied for the separate reason that Defendants never established that lesser sanctions were inadequate to correct Plaintiff's conduct.

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED**:

1.   The Report and Recommendation (Dkt. 89) of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2.   Defendants' Motion to Dismiss with Prejudice Based upon Fraud (Dkt. 26) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of April, 2026.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

3